SO ORDERED.

SIGNED this 31st day of July, 2018.



Dale L. Somers
United States Chief Bankruptcy Judge

___

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>JOHN DAVID BOUCEK,<br><br>　　　　　　DEBTOR. | CASE NO. 18-40249<br>CHAPTER 12 |
| JOHN D. BOUCEK,<br><br>　　　　　　PLAINTIFF,<br><br>v.<br><br>RICHARD BOUCEK and DIANA PECK, as Co-Executors of the Estate of Bernice E. Boucek, Deceased.<br><br>　　　　　　DEFENDANTS. | ADV. NO. 18-7019 |

MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANTS' MOTION FOR ABSTENTION AND REMAND

This adversary proceeding is a probate case Debtor John Boucek removed from the

District Court of Ottawa County, Kansas. The Defendants, the co-executors of the

probate estate, move for abstention and remand.[1]  Debtor opposes the Defendants' motion.[2]  The Court has jurisdiction.[3]

Debtor appears by David R. Klaassen.  Defendants Richard Boucek (Richard) and Diana Peck (Diana) appear by Tom R. Barnes II and Todd A. Luckman.  For the following reasons, the Court grants the Defendants' motion to abstain and remand the case to the state court.

**THE REMOVED PROCEEDING**

Debtor's brother Richard initiated this probate proceeding on January 8, 2008, by filing in the District Court of Ottawa County, Kansas, a petition for the appointment of a special administrator for his mother's estate (the Probate Case).[4]  This occurred against the backdrop of a long-running dispute among Debtor, his parents, and his siblings regarding the distribution of family assets.  That background is described in this Court's Memorandum Opinion and Order Granting the Defendants' Motions for Abstention and Remand, which is being filed in a companion case, Adversary number 18-7018, the

---

[1] Doc. 3.

[2] Doc. 6.

[3] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.  D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Prac. & Pro. at 193 (March 2018).  There is no objection to venue or jurisdiction over the parties.

[4] Case no. 2008-PR-000001, District Court of Ottawa County, Kansas.

Breach of Trust Case, on the same day as this opinion, and is incorporated herein by reference.

On September 6, 2006, Debtor filed his petition in the District Court of Ottawa County, Kansas in the Breach of Trust Case against his mother, Bernice E. Boucek, individually and as the trustee of the 1996 Trust and of the 2004 Trust.[5] He made three claims: breach of the 1989 Will; breach of the 2004 Trust; and constructive fraud.

In the Probate Case, on February 19, 2008, Debtor filed a petition for probate of his parents' 1989 Will, and his siblings Richard and Diana filed a petition for probate of their mother's 2004 Will.

On June 13, 2008, Debtor filed a demand in the Probate Case, which consisted of the claims he had asserted in the Breach of Trust Case.[6] The 2004 Will has been admitted to probate, but Debtor's demand remains unresolved.

On May 24, 2017, The Bank of Tescott filed a foreclosure case against Debtor in the District Court of Ottawa County, Kansas.[7] In response, Debtor asserted affirmative defenses and counterclaims that are closely related to the claims he asserted in the Breach of Trust Case and in the Probate Case.

**DEBTOR'S BANKRUPTCY FILING AND NOTICES OF REMOVAL**

Debtor filed a voluntary petition under Chapter 12 of the Bankruptcy Code on

---

[5] Case no. 2006-CV-000022, District Court of Ottawa County Kansas.

[6] Doc. 1-4 at 123-159.

[7] Case no. 2017-CV-000013, District Court of Ottawa County, Kansas.

March 20, 2018.  Debtor filed his notice of removal of the Probate Case on May 1, 2018. He also removed the Breach of Trust Case[8] and the Foreclosure Case.[9]  By separate opinions, the Court is remanding both of those cases.

**THE DEFENDANTS' MOTION FOR ABSTENTION AND REMAND, AND DEBTOR'S RESPONSE**

Debtor's notice of removal alleges removal is appropriate under 28 U.S.C. § 1452(a).  The Defendants do not challenge the basis for removal.  However, they contend that the Probate Case is subject to mandatory abstention under 28 U.S.C. § 1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1), and remand under 28 U.S.C. § 1452(b).  Debtor responds that the three removed actions are intertwined, and that multiple considerations require the Court not to abstain or remand the Probate Case.

The motion for abstention and remand the Defendants filed in this proceeding is identical to the motion for abstention and remand they filed in the Breach of Trust case. Likewise, Debtor's objection to the Defendants' motion in this case is identical to the objection he filed in the Breach of Trust Case.

**ANALYSIS**

As stated above, the demand Debtor asserted in this proceeding against his mother's estate is the same claim that he is pursuing as the plaintiff in the Breach of Trust Case.  Like the Breach of Trust Case, this Probate Case has been pending in the state

---

[8] Adversary no. 18-7018.

[9] Adversary no. 18-7014.

court for many years, and it appears that discovery has been completed in both cases. The claims in this case, like the claims in the Breach of Trust Case, arise under state law, and in bankruptcy court, the cases in which they are being litigated are non-core, related-to proceedings. The differences between the Breach of Trust Case and this Probate Case are the applicable state court procedures and the procedural histories of each case, but those differences are not material to the determination whether this Court should retain jurisdiction of the cases. If the Court were to retain jurisdiction of this Probate Case while it is remanding the Foreclosure Case and the Breach of Trust Case to the state court, there would be a possibility of inconsistent results, an unacceptable situation.

For the foregoing reasons, the Court adopts by reference the analysis, the authorities, and the conclusions of law stated in the Memorandum Opinion and Order Granting the Defendants' Motions for Abstention and Remand, being filed in the Breach of Trust Case, Adversary no. 18-7018, concurrently with the filing of this opinion. Accordingly, the Court finds: (1) that the elements of mandatory abstention under 28 U.S.C. § 1334(c)(2) are present; (2) if the Court is wrong and mandatory abstention is not applicable, the Court would nevertheless abstain under 28 U.S.C. § 1334(c)(1), which provides for permissive abstention; and (3) the conditions for remand under 28 U.S.C. § 1452(b) are present since the Court has found that abstention is appropriate under both the subsections of 28 U.S.C. § 1334(c).

**CONCLUSION**

For the foregoing reasons, the Court grants the Defendants' motion to abstain and

remand this adversary proceeding to the District Court of Ottawa County, Kansas.

**IT IS SO ORDERED.**

# # #